GRADY *v.* STATE.*

(Division B.    Oct. 11, 1926.)

[109 So. 728.    No. 25866.]

PHYSICIANS AND SURGEONS.

Offense of practicing medicine without license, declared by Hemingway's Code, section 1068, is not committed by failure to file license in time to prevent it becoming void under section 6372.

---

*Corpus Juris-Cyc References: Physicians and Surgeons, 30Cyc, p. 1561, n. 30 New.

APPEAL from circuit court of Clarke county.
HON. R. M. BOURDEAUX, Judge.

W. J. Grady was convicted of a violation of a statute as to practicing as a physician and surgeon, and he appeals. Reversed and remanded.

Briefs filed by *H. F. Case,* for appellant, and *Rufus Creekmore,* Special Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, W. J. Grady, appeals from a conviction on a charge of "practicing as a physician and surgeon without first being examined and obtaining a license so to do as required by law." The indictment was drawn under section 1068 of Hemingway's Code, and is substantially in the language of that section.

Section 6372 of Hemingway's Code is also involved in the case. This latter section provides that:

"Every person who receives a license to practice medicine must file it in the office of the clerk of the circuit court of the county in which he resides within sixty days from the date of its issuance; otherwise it shall become void."

It is further provided in the section that whenever the licensee shall change the county of his residence, he must file his license in the office of the clerk of the county into which he moves and practices, within sixty days of the time of said removal; and, for failure to so file, the license shall become void.

On the trial of the case, the state introduced testimony showing that the appellant had been practicing as a physician in Clarke county, where he had moved to from Wayne county, and had not recorded a license to practice in Clarke county within sixty days from the time of such removal. The state also proved by competent testimony that the appellant had not "first been examined and obtained a license as required by law" before he practiced as a physician in Clarke county, as charged in the indictment.

The appellant introduced testimony showing that he had been examined and had obtained a license as required by law before he had practiced as a physician in Clarke county, and that such license had been recorded in another county, but the license was lost at the time of the trial.

Thus it will be seen that there was a sharp conflict in the testimony on the issue as to whether the appellant had practiced as a physician in Clarke county without "having first been examined and obtained a license as required by law," as charged in the indictment. With this issue of fact before the court, and to be determined by the jury, the court gave the following instruction for the state:

"The court instructs the jury for the state that, although they may believe that the defendant obtained a license to practice medicine, that said license must be recorded in the office of the clerk of the circuit court of the county of which he resides within sixty days from the date of its issuance, and that if the jury believe beyond every reasonable doubt that the defendant did not have the license recorded as required by law within sixty days from the date of the issuance of said license, that the license is void; and if you further believe beyond reasonable doubt from the evidence that the defendant practiced medicine in Clarke county during the year 1925 without obtaining a license or having the license recorded according to law, your verdict should be guilty as charged."

The appellant urges that the court erred in granting this instruction, because it told the jury that it should convict the defendant if he had failed to record his license as required by law. We think the position is well taken, and that the giving of the instruction was error for which the judgment must be reversed.

It is obvious that the failure to record the license constituted no part of the crime charged in the indictment. The offense laid in the indictment under section 1068, Hemingway's Code, consists of practicing as a physician without first having been examined and obtaining a license to do so as required by law. The state proved a violation of the statute as charged in the indictment, and the defendant introduced his evidence showing that he had not violated the statute—that is, the testimony offered by

him went to show that he had first been examined and had obtained a license before he had practiced as a physician—and so it is plain to us that if the jury had believed his testimony they should have acquitted him; but the court instructed the jury for the state that if the defendant practiced medicine in Clarke county during the year of 1925 without obtaining a license, or "without having a license recorded according to law, your verdict should be guilty as charged."

This instruction practically tells the jury that it should convict the defendant of the crime charged in the indictment if he failed to record his license in Clarke county, regardless of whether he had first obtained a license to practice as required by law before he practiced as a physician in Clark county. This is manifest error, and the verdict of guilty returned by the jury may have been due to this erroneous charge—that the defendant is guilty if he failed to record his license.

It is true section 6372, Hemingway's Code, provides that the license must be recorded, and that the penalty for the failure to record is that the license shall become void, but we are unable to see how a violation of this statute for failing to record the license can justify conviction for a violation of the other statute, section 1068, Hemingway's Code, because a person may have duly obtained a license to practice as required by law, and, as mentioned in this latter section, yet he may fail to record, but this failure cannot constitute a violation of the criminal statute referred to.

The judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*